B1 (Official Form 1) (04/13)

| | |
|---|---|
| **United States Bankruptcy Court**<br>**Northern District of Illinois Eastern  Division** | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>**Dwyer, Thomas H** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br><br>**Dwyer, Michelle M** |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) *    **\*\*\*-\*\*-5447** | Last four digits of Soc. Sec. or Individual- Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) *    **\*\*\*-\*\*-6349** |
| Street Address of Debtor (No. & Street, City, and State):<br>**6264 S. Gullikson Road # 4C**<br>**Chicago, IL**    **60638** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**6264 S. Gullikson Road # 4C**<br>**Chicago, IL**    **60638** |
| County of Residence or of the Principal Place of Business:<br><br>**COOK** | County of Residence or of the Principal Place of Business:<br><br>**COOK** |
| Mailing Address of Debtor (if different from street address)<br><br>, | Mailing Address of Joint Debtor (if different from street address):<br><br>, |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| **Type of Debtor** (Form of  Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form*<br>☐ Corporation (includes LLC & LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Heath Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C §101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7         ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9             of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12      ☐ Chapter 15 Petition for Recognition<br>■ Chapter 13            of a Foreign Nonmain Proceeding |

| **Chapter 15 Debtors** | **Tax-Exempt Entity**<br>(Check box, if applicable.) | **Nature of Debts** (Check one Box) |
|---|---|---|
| Country of debtor's center of main interests: _____<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: _____ | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable in individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee wavier requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box**<br>☐ Debtor is a small business debtor as defined in  11 U.S.C. § 101(51D)<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D)<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or   affiliates) are less than $2,343,300. *(amount subject to adjustment on 4/01/13 and ever three years thereafter).* ___ ___ ___ ___ ___<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one of more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | This space is for court use only41.00 |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1billion | More than $1 billion |

B1 (Official Form 1) (12/11 )

| Voluntary Petition | Name of Debtor(s) |
|---|---|
| This page must be completed and filed in every case) | **Thomas H Dwyer**<br>**Michelle M Dwyer** |

**All Prior Bankruptcy Case Filed Within Last 8 Years (if more than two, attach additional sheet)**

| Location Where Filed:<br><br>**None**<br><br>**None** | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affilate of this Debtor (if more than one, attach additional sheet)**

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15 (d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition . | (To be  completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7,  11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 USC §  342(b).<br><br>**/s/ Shera Lee Bucchianeri**<br>**Shera Lee Bucchianeri**    Dated:  07/30/2015 |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor .  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check the Applicable Box.)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

*(Check all applicable boxes.)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of Landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. ( 11 U.S.C. § 362(1))

B1 (Official Form 1) (12/11)

| Voluntary Petition<br>This page must be completed and filed in every case ) | Name of Joint Debtor(s)<br>**Thomas H Dwyer**<br>**Michelle M Dwyer** |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**/s/ Thomas H Dwyer**

**Thomas H Dwyer**

Dated: 07/27/2015

**/s/ Michelle M Dwyer**

**Michelle M Dwyer**

Dated: 07/27/2015

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

### Signature of Attorney

**/s/ Shera Lee Bucchianeri**

Signature of Attorney for Debtor(s)

**Shera Lee Bucchianeri**

Printed Name of Attorney for Debtor(s)

**GERACI LAW L.L.C.**
**55 E. Monroe St., #3400**
**Chicago, IL 60603**
**Phone: 312-332-1800**

## Date:  07/30/2015

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)
Address
_____

_____
Date
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

### Signature of Debtor (Corporation/Partnerhsip)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code. specified in this petition.

_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning:  You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D.  check one of the five statements below and attach any documents as directed.*

- [X] 1.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

- [ ] 2.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.

- [ ] 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  [Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]

_____

_____

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

4.  I am not required to receive a credit counseling briefing because of:  [Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]

- [ ] Incapacity.  (Defined in 11 U.S.C.  § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

- [ ] Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable,  after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

- [ ] Active military duty in a military combat zone.

- [ ] 5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of  11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

**Dated: 07/27/2015**       **/s/ Thomas H Dwyer**
_____

**Thomas H Dwyer**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning:  You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D.  check one of the five statements below and attach any documents as directed.*

■ 1.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐ 2.  Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.

☐ 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  [Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]

_____

_____

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

4.  I am not required to receive a credit counseling briefing because of:  [Check the applicable statement.]  [Must be accompanied by a motion for determination by the court.]

☐ Incapacity.  (Defined in 11 U.S.C.  § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable,  after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of  11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated: 07/27/2015

/s/ Michelle M Dwyer

**Michelle M Dwyer**

X Date & Sign

B6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Case No.

Chapter 13

---

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.   Report the totals from Schedules A,  B, C, D, E, F, I and J in the boxes provided.   Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.   Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7,  11, or 13.

| NAME OF SCHEDULE | Attached YES \| NO | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| SCHEDULE A - Real Property | Yes | 1 | $110,000 | $0 | $0 |
| SCHEDULE B - Personal Property | Yes | 3 | $64,623 | $0 | $0 |
| SCHEDULE C - Property Claimed as Exempt | Yes | 1+ | $0 | $0 | $0 |
| SCHEDULE D - Creditors Holding Secured Claims | Yes | 1+ | $0 | $269,860 | $0 |
| SCHEDULE E - Creditors Holding Unsecured Priority Claims | Yes | 2 | $0 | $0 | $0 |
| SCHEDULE F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1+ | $0 | $24,286 | $0 |
| SCHEDULE G - Executory Contracts and Unexpired Leases | Yes | 1 | $0 | $0 | $0 |
| SCHEDULE H - CoDebtors | Yes | 1 | $0 | $0 | $0 |
| SCHEDULE I - Current Income of Individual Debtor(s) | Yes | 1 | $0 | $0 | $5,327 |
| SCHEDULE J - Current Expenditures of Individual Debtor(s) | Yes | 1 | $0 | $0 | $4,761 |
| **TOTALS** | | | **$174,623** TOTAL ASSETS | **$294,146** TOTAL LIABILITIES | |

B6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Case No.

Chapter 13

---

### STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts as defined in 101(8) of the Bankruptcy Code ( 11 U.S.C. 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts and, therefore, are        not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C § 159**

**Summarize the following types of liabilities, as reported in the Schedules, and total them**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (From Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to governmental Units (From Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor was Intoxicated (From Schedule E) whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (From Schedule F) | $0.00 |
| Domestic Support Separation Agreement and Divorce Decree Obligations Not Reported on (Schedule E). | $0.00 |
| Obligations to Pension or Profit Sharing and Other Similar Obligations (From Schedule F) | $0.00 |
| **TOTAL** | $0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $5,326.84 |
| Average Expenses (from Schedule J, Line 18) | $4,761.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; or, Form 22C-1 Line 14) | $8,847.83 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $269,860.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" Column | | $0.00 |
| 4. Total from Schedule F | | $24,286.00 |
| 5. Total of non-priority unsecured debt (sum of 1,3 and 4) | | $294,146.00 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.   Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."   If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.    List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.   See Schedule D.   If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband Wife Joint Or Community | Current Value of Debtors Interest in Property Without Deducting and Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **3264 S Gulikson Rd, 4C, Chicago, IL 60638 (Debtor's primary residence)** | **Fee Simple** | **H** | **$110,000** | **$209,237** |

### Total Market Value of Real Property

**(Report also on Summary of Schedules)**

**$110,000.00**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories , place an "x" in the appropriate position in the column labled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.     If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column  labeled "HWJC."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interest in executory and unexpired leases on this schedule.  List them in Schedule G.**

If the property is being held for the debtor by someone else,  state that person's name and address under "Description and Location of Property ."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See,  11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | H W J C | Current Value of Debtor's Interest in Property, Without Deducting Any Secured |
|---|---|---|---|---|
| 01. Cash on Hand | X | | | |
| 02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations or credit unions, brokerage houses, or cooperatives. | | checking account with - Bank of America | | $68 |
| | | checking account with - Chase | | $120 |
| 03. Security Deposits with public utilities, telephone companies, landlords and others. | X | | | |
| 04. Household goods and furnishings, including audio, video, and computer equipment. | | Used household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans, rugs. | | $3,500 |
| 05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, CD's, DVD's, Tapes/Records, Family Pictures | | $85 |
| 06. Wearing Apparel | | Necessary wearing apparel. | | $350 |
| 07. Furs and jewelry. | X | | | |
| 08. Firearms and sports, photographic, and other hobby equipment. | X | | | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | N O N E | Description and Location of Property | H W J C | Current Value of Debtor's Interest in Property, Without Deducting Any Secured |
|---|---|---|---|---|
| 09. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance - No Cash Surrender Value.** | | $0 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an educational IRA as defined in 26 U.S.C 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(B)(1). Give particulars. (File separately the records(s) of any such interest(s). 11 U.S.C. 521(c); Rule 1007(b)). | X | | | |
| 12. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans. Give particulars | | **Pension w/ Employer/Former Employer - 100% Exempt.** | H | **Unknown** |
| 13. Stocks and interests in incorporated and unincorporated businesses. | X | | | |
| 14. Interest in partnerships or joint ventures. Itemize. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable | X | | | |
| 17. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled | | **Child support arrears.** | W | **$15,000** |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable and future interests, life estates, and rights of power exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and Non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and rights to setoff claims.  Give estimated value of each. | | **Pending Worker's Compensation claim.  Debtor represented by Storm and Associates** | H | **Unknown** |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | N O N E | Description and Location of Property | H W J C | Current Value of Debtor's Interest in Property, Without Deducting Any Secured |
|---|---|---|---|---|
| 22. Patents, copyrights and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises and other general intangibles.. | X | | | |
| 24. Customer list or other compilations containing personally identifiable information (as defined in 11 USC 101 41A provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes | X | | | |
| 25. Autos, Truck, Trailers and other vehicles and accessories. | | 2014 Chevy Equinox with over 16000 miles (Surrender) | H | $16,000 |
| | | 2014 Chevy 1500 with over 6,000 miles | H | $24,000 |
| 26. Boats, motors and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplie used in business. | | Tool box and tools. | H | $5,000 |
| 30. Inventory | X | | | |
| 31. Animals | | Family Pets/Animals. | | $0 |
| 32. Crops-Growing or Harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

**Total** $64,123.00

(Report also on Summary of Schedules)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☑ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption
that exceeds $146,450.*

*\* Amount subject to adjustment on 4/1/16, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| 00. Real Property | | | |
| **3264 S Gulikson Rd, 4C, Chicago, IL 60638 (Debtor's primary residence)** | 735 ILCS 5/12-901 | $ 15,000 | **$110,000** |
| 02. Checking, savings or other | | | |
| **checking account with - Bank of America** | 735 ILCS 5/12-1001(b) | $ 68 | **$68** |
| **checking account with - Chase** | 735 ILCS 5/12-1001(b) | $ 120 | **$120** |
| 04. Household goods and furnishings. | | | |
| **Used household goods; TV, DVD player, TV stand, stereo, sofa, vacuum, table, chairs, lamps, bedroom sets, washer/dryer, stove, refrigerator, microwave, dishes/flatware, pots/pans, rugs.** | 735 ILCS 5/12-1001(b) | $ 3,500 | **$3,500** |
| 05. Books, pictures and other | | | |
| **Books, CD's, DVD's, Tapes/Records, Family Pictures** | 735 ILCS 5/12-1001(a) | $ 85 | **$85** |
| 06. Wearing Apparel | | | |
| **Necessary wearing apparel.** | 735 ILCS 5/12-1001(a) | $ 350 | **$350** |
| 09. Interests in insurance pol | | | |
| **Term Life Insurance - No Cash Surrender Value.** | 735 ILCS 5/12-1001(h)(3) | $ 0 | **$0** |
| 12. Interest in IRA,ERISA, Keo | | | |
| **Pension w/ Employer/Former Employer - 100% Exempt.** | 735 ILCS 5/12-1006 | In Full | **Unknown** |
| 17. Alimony, maintenance, supp | | | |
| **Child support arrears.** | 735 ILCS 5/12-1001(g)(4) | $ 15,000 | **$15,000** |
| 21. Other contingent and unliq | | | |
| **Pending Worker's Compensation claim.  Debtor represented by Storm and Associates** | 735 ILCS 5/12-1001(h)(4) | In Full | **Unknown** |
| 25. Autos, Truck, Trailers and | | | |
| **2014 Chevy Equinox with over 16000 miles (Surrender)** | 735 ILCS 5/12-1001(c) | $ 2,400 | **$16,000** |
| **2014 Chevy 1500 with over 6,000 miles** | 735 ILCS 5/12-1001(c) | $ 2,400 | **$24,000** |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**                    Bankruptcy Docket #:

Judge:

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property without Deducting Exemption |
|---|---|---|---|
| 29. Machinery, fixtures, equip | | | |
| **Tool box and tools.** | 735 ILCS 5/12-1001(d) | $ 1,500 | **$5,000** |

*\* Amount subject to adjustment on 4/1/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens , garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See,  11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor ," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent ." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed ." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s) on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip and Account Number (See Instructions Above) | Codebtor | H W J C | * Date Claim was Incured * Nature of Lien *Value of Property Subject to Lien *Description of Property | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| 1 **Best Buy/Capital One** Bankruptcy Department PO Box 5253 Carol Stream IL 60197 **Acct #: 6035XXXX** | | | *Dates:* 2014 *Nature of Lien:* Purchase Money Sec Int - PMSI *Market Value :* $500.00 *Intention:* Surrender *Description:* Best Buy - electronics | | | | $3,000 | $3,000 |
| 2 **GM Financial** Attn: Bankruptcy Dept. Po Box 181145 Arlington TX 76096 **Acct #: 452339468** | | H | *Dates:* 2013-12-19 *Nature of Lien:* Lien on Vehicle - PMSI *Market Value :* $16,000.00 *Intention:* Surrender *Description:* 2014 Chevy Equinox with over 16000 miles (Surrender) | | | | $31,482 | $15,482 |
| 3 **Lishmore Place Association** 6264 S Gullikson Rd Chicago IL 60638 **Acct #: 5447** | | | *Dates:* *Nature of Lien:* Statutory Lien *Market Value :* $110,000.00 *Intention:* None *Description:* 3264 S Gulikson Rd, 4C, Chicago, IL 60638 (Debtor's primary residence) | | | | $265 | $265 |

B6F (Official Form 6F) (12/07)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Creditor's Name and Mailing Address Including Zip and Account Number (See Instructions Above) | Codebtor | H W J C | * Date Claim was Incured * Nature of Lien *Value of Property Subject to Lien *Description of Property | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| **4**  **Snap-On Credit LLC** Attn: Bankruptcy Dept. Po Box 506 Gurnee IL 60031  **Acct #:  100253020** | | H | *Dates:* 1989-2015 *Nature of Lien:* Non-Purchase Money Security *Market Value :* $5,000.00 *Intention:* Reaffirm 524 (c) ***Description:*** Tool box and tools. | | | | $7,124 | $2,124 |
| **5**  **Wells Fargo HM Mortgage** Attn: Bankruptcy Dept. 8480 Stagecoach Cir Frederick MD 21701  **Acct #:  7080086442613** | | H | *Dates:* 2008-2015 *Nature of Lien:* Mortgage *Market Value :* $110,000.00 *Intention:* Reaffirm 524 (c) ***Description:*** 3264 S Gulikson Rd, 4C, Chicago, IL 60638 (Debtor's primary residence) | | | | $202,972 | $92,972 |
| **6**  **WFDS** Attn: Bankruptcy Dept. Po Box 1697 Winterville NC 28590  **Acct #:  515769277284** | X | H | *Dates:* 2013-12-21 *Nature of Lien:* Lien on Vehicle - PMSI *Market Value :* $24,000.00 *Intention:* Reaffirm 524 (c) ***Description:*** 2014 Chevy 1500 with over 6,000 miles | | | | $25,017 | $0 |

**Total**

**(Report also on Summary of Schedules)**

| | |
|---|---|
| $269,860 | $113,843 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority , listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See,  11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." ( You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule . Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule . Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule . Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ **Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.**

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of Credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but bfore the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $ 11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in  11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in  11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in  11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in  11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of insured depository institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incured and Consideration For Claim | Contingent | Unliquidated | Disputed | Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|---|
| [X] None | | | | | | | | |

| | Total Amount of Unsecured Priority Claims (Report also on Summary of Schedules) | $0 |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 1  **CBNA**<br>Attn: Bankruptcy Dept.<br>50 Northwest Point Road<br>Elk Grove Village IL 60007<br>**Acct #:  5447** | | H | Dates:  **2013-2015**<br>Reason:  **Credit Card or Credit Use** | | | | $2,820 |
| 2  **City of Chicago Bureau Parking**<br>Department of Revenue<br>PO Box 88292<br>Chicago IL 60680<br>**Acct #:  5026741280** | | | Dates:<br>Reason:  **Parking tickets Ordinance Violatic** | | | | $500 |

| **Law Firm(s) | Collection Agent(s) Representing the Original Creditor** |
|---|
| Arnold Scott Harris PC<br>Bankruptcy Dept.<br>111 W. Jackson Blvd., Ste. 600<br>Chicago IL 60604 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

---

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 3  **Convergent Outsourcing Inc.** Bankruptcy Department PO Box 9004 Renton WA 98057  **Acct #:  7088** | | | Dates: Reason:  **Credit Card or Credit Use** | | | | $2,100 |
| 4  **Credit One Bank** Attn: Bankruptcy Dept. Po Box 98875 Las Vegas NV 89193  **Acct #:  5447** | | W | Dates:  **2013-2015** Reason:  **Credit Card or Credit Use** | | | | $697 |
| 5  **Credit One Bank** Attn: Bankruptcy Dept. Po Box 98875 Las Vegas NV 89193  **Acct #:  6349** | | H | Dates:  **2014-2015** Reason:  **Credit Card or Credit Use** | | | | $469 |
| 6  **Creditors Collection B** Attn: Bankruptcy Dept. 755 Almar Pkwy Bourbonnais IL 60914  **Acct #:  3693241** | | W | Dates:  **2011-2011** Reason:  **Medical Debt** | | | | $422 |
| 7  **Creditors Collection B** Attn: Bankruptcy Dept. 755 Almar Pkwy Bourbonnais IL 60914  **Acct #:  5362483** | | W | Dates:  **2015-2015** Reason:  **Medical Debt** | | | | $367 |
| 8  **First Premier BANK** Attn: Bankruptcy Dept. 601 S Minnesota Ave Sioux Falls SD 57104  **Acct #:  6349** | | W | Dates:  **2013-2015** Reason:  **Credit Card or Credit Use** | | | | $264 |
| 9  **First Premier BANK** C/O Midland Funding 8875 Aero Dr Ste 200 San Diego CA 92123  **Acct #:  8559968580** | | H | Dates:  **2013-2013** Reason:  **Unknown Credit Extension** | | | | $490 |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 10 **Great American Finance** Attn: Bankruptcy Dept. 20 N Wacker Dr Ste 2275 Chicago IL 60606 Acct #: 201876086 | | H | Dates:   **2014-2015** Reason:   **Unknown Credit Extension** | | | | $527 |
| 11 **HSBC BANK** Attn: Bankruptcy Dept. Po Box 9 Buffalo NY 14240 Acct #: 6349 | | H | Dates:   **2008-2009** Reason:   **Credit Card or Credit Use** | | | | $220 |
| 12 **HSBC BANK Nevada  N.A.** C/O Portfolio Recovery ASS 120 Corporate Blvd Ste 1 Norfolk VA 23502 Acct #: 5155970187986662 | | W | Dates:   **2010-2011** Reason:   **Unknown Credit Extension** | | | | $570 |
| 13 **Illinois Lending Corp.** Bankruptcy Department 15008 S. Lagrange Rd. Orland Park IL 60462 Acct #: 11306 | | | Dates: Reason:   **PayDay Loan** | | | | $2,500 |
| 14 **Kohls/Capone** Attn: Bankruptcy Dept. N56 W 17000 Ridgewood Dr Menomonee Falls WI 53051 Acct #: 6349 | | W | Dates:   **2012-2015** Reason:   **Credit Card or Credit Use** | | | | $275 |
| 15 **LaGrange Memorial Hospital** Bankruptcy Dept 5101 S. Willow Springs Rd LaGrange IL 60525 Acct #: 0487 | | | Dates: Reason:   **Medical/Dental Services** | | | | $600 |
| 16 **LaGrange Womans Clinic** Bankruptcy Dept 5201 S Willow Springs Rd LaGrange IL 60525 Acct #: 91857 | | | Dates: Reason:   **Medical/Dental Services** | | | | $600 |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

__Thomas H Dwyer  and Michelle M Dwyer  / Debtors__

Bankruptcy Docket #:

Judge:

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 17 __Lumber Liquidators__<br>Synchrony Bank<br>PO Box 960061<br>Orlando FL 32896<br><br>Acct #:  7661 | X | | Dates:<br>Reason:  __Credit Card or Credit Use__ | | | | $2,179 |
| 18 __MBB__<br>Attn: Bankruptcy Dept.<br>1460 Renaissance Dr<br>Park Ridge IL 60068<br><br>Acct #:  2437666 | | W | Dates:  __2010-2011__<br>Reason:  __Medical Debt__ | | | | $82 |
| 19 __Medical Business Bureau__<br>Bankruptcy Department<br>PO Box 1219<br>Park Ridge IL 60068<br><br>Acct #:  2020 | | | Dates:<br>Reason:  __Medical/Dental Services__ | | | | $500 |
| 20 __Merchants Credit Guide__<br>Attn: Bankruptcy Dept.<br>223 W Jackson Blvd Ste 4<br>Chicago IL 60606<br><br>Acct #:  8111530163 | | H | Dates:  __2011-2011__<br>Reason:  __Medical Debt__ | | | | $577 |
| 21 __Merchants Credit Guide__<br>Attn: Bankruptcy Dept.<br>223 W Jackson Blvd Ste 4<br>Chicago IL 60606<br><br>Acct #:  8113190030 | | W | Dates:  __2011-2012__<br>Reason:  __Medical Debt__ | | | | $150 |
| 22 __Merchants Credit Guide__<br>Attn: Bankruptcy Dept.<br>223 W Jackson Blvd Ste 4<br>Chicago IL 60606<br><br>Acct #:  8113190047 | | W | Dates:  __2011-2012__<br>Reason:  __Medical Debt__ | | | | $673 |
| 23 __Merchants Credit Guide__<br>Attn: Bankruptcy Dept.<br>223 W Jackson Blvd Ste 4<br>Chicago IL 60606<br><br>Acct #:  8113190048 | | W | Dates:  __2011-2012__<br>Reason:  __Medical Debt__ | | | | $88 |

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

---

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| 24  **Midland Credit Management** Bankruptcy Department 8875 Aero Dr., Ste. 200 San Diego CA 92123-2215  **Acct #:  8580** | | | Dates: Reason:   **Debt Owed** | | | | $1,000 |
| 25  **Secretary of State** Attn: Safety & Financial Resp 2701 S. Dirksen Pkwy. Springfield IL 62723  **Acct #:  D600-5537-9780** | | | Dates: Reason:   **Notice Only** | | | | $0 |
| 26  **Souma Diagnostics** PBP 680 N Lake Shore Dr Chicago IL 60611  **Acct #:  26896** | | | Dates: Reason:   **Medical Debt** | | | | $200 |
| 27  **St. Rene Goupil** 6340 S. New England Chicago IL 60638  **Acct #:  6349** | | | Dates:   **2012** Reason:   **Education Loan** | | | | $1,000 |
| 28  **Syncb/Amazon** Attn: Bankruptcy Dept. Po Box 965015 Orlando FL 32896  **Acct #:  5447** | | W | Dates:   **2015-2015** Reason:   **Credit Card or Credit Use** | | | | $587 |
| 29  **Syncb/LUMBER LIQUIDATO** Attn: Bankruptcy Dept. C/O P.O. Box 965036 Orlando FL 32896  **Acct #:  7661** | | H | Dates:   **2012-2015** Reason:   **Credit Card or Credit Use** | | | | $2,095 |
| 30  **TD BANK USA/Targetcred** Attn: Bankruptcy Dept. Po Box 673 Minneapolis MN 55440  **Acct #:  6564** | | W | Dates:   **2015-2015** Reason:   **Credit Card or Credit Use** | | | | $287 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

| Creditor's Name,  Mailing Address Including Zip Code and Account Number (See Instructions Above) | Codebtor | H W J C | Date Claim Was Incurred and Consideration For Claim. If Claim is Subject to Setoff, So State | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **31  Victoria's Secret/Commenity**<br>Attn: Bankruptcy Dept.<br>Box 182510<br>Columbus OH 43218<br><br>**Acct #:  5856** | | | Dates:<br>Reason:   **Credit Card or Credit Use** | | | | **$447** |
| **32  West Suburban Bank**<br>Attn: Bankruptcy Department<br>711 S. Westmore Ave.<br>Lombard IL 60148<br><br>**Acct #:  6349** | | | Dates:<br>Reason:   **Overdraft Account** | | | | **$1,000** |

**Total Amount of Unsecured Claims**

(Report also on Summary of Schedules)

**$ 24,286**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties  to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest.  State whether Lease is for Non-Residential Real Property. State Contract Number or Any Government Contract. |
|---|---|
| [X] None | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico,  Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the

☐ Check this box if debtor has no codebtors.

| Name and Address of CoDebtor | Name and Address of the Creditor |
|---|---|
| 1  **Robert Dwyer**<br>2892 S Archer Ave 3rd Fl<br><br>Chicago, IL 60608 | **Lumber Liquidators**<br>Synchrony Bank<br>PO Box 960061<br>Orlando FL 32896 |
| 2  **Robert Dwyer**<br>2892 S Archer Ave 3rd Fl<br><br>Chicago, IL 60608 | **WFDS**<br>Attn: Bankruptcy Dept.<br>Po Box 1697<br>Winterville NC 28590 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Thomas | H | Dwyer |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Michelle | M | Dwyer |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN DISTRICT OF ILLINOIS___

Case Number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form B 6I

## Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for
supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse.
If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a
separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. Fill in your employment information

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may Include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☒ Employed<br>☐ Not employed | ☐ Employed<br>☒ Not employed |
| **Occupation** | Fleet Maintenance | Homemaker |
| **Employers name** | City of Chicago | |
| **Employers address** | 333 S. State St., Ste. 320<br>Chicago, IL 60604 | |
| **How long employed there?** | 18 years | |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing
spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the
lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $7,256.00 | $0.00 |
| 3. | **Estimate and list monthly overtime pay.** | $0.00 | $0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | $7,256.00 | $0.00 |

Debtor 1 ___Thomas_____ ___H_____ ___Dwyer_____     Case Number *(if known)* _____
          First Name                          Middle Name                  Last Name

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4. | **$7,256.00** | **$0.00** |

**5. List all payroll deductions:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $870.72 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $645.78 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | $208.04 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $115.00 | $0.00 |
| 5h. **Other deductions.** Specify: ____Life Insurance(D1),____ | 5h. | $89.62 | $0.00 |
| **6. Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $1,929.16 | $0.00 |
| **7. Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | **$5,326.84** | **$0.00** |

**8. List all other income regularly received:**

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify: _____ | 8h. | $0.00 | $0.00 |
| **9. Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $0.00 | $0.00 |

| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | **$5,326.84** | + | **$0.00** | = | **$5,326.84** |
|---|---|---|---|---|---|---|---|

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____

| | 11. | $0.00 |
|---|---|---|

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies

| | 12. | **$5,326.84** |
|---|---|---|

13. **Do you expect an increase or decrease within the year after you file this form?**

[x] No.

[ ] Yes. Explain: _____

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Thomas | H | Dwyer |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Michelle | M | Dwyer |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household.

## Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Your Household

**1. Is this a joint case?**

☐ No.  Go to line 2.

☒ Yes. **Does Debtor 2 live in a separate household?**

  ☒ No.
  ☐ Yes. Debtor 2 must file a separate Schedule J.

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No

☒ Yes. Fill out this information for each dependent...........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 13 | ☐ No  ☒ Yes |
| Daughter | 5 | ☐ No  ☒ Yes |
| Son | 1 | ☐ No  ☒ Yes |
| | | ☒ No  ☐ Yes |
| | | ☒ No  ☐ Yes |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☒ No
☐ Yes

### Part 2:  Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I).

| | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. 4. | $1,326.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes 4a. | $0.00 |
| 4b. | Property, homeowner's, or renter's insurance 4b. | $0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses 4c. | $50.00 |
| 4d. | Homeowner's association or condominium dues 4d. | $265.00 |

| Debtor 1 | Thomas | H | Dwyer | Case Number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | | Your expenses |
|---|---|---|

| | | | Your expenses |
|---|---|---|---|
| 5. | **Additional Mortgage payments for your residence**, such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $315.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $0.00 |
| | 6c.   Telephone, cell phone, internet, satellite, and cable service | 6c. | $380.00 |
| | 6d.   Other. Specify:_____ | 6d. | $           0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $750.00 |
| 8. | **Childcare and children's education costs** | 8. | $362.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $195.00 |
| 10. | **Personal care products and services** | 10. | $45.00 |
| 11. | **Medical and dental expenses** | 11. | $25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $238.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $15.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $160.00 |
| | 15d. Other insurance. Specify:_____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | |
| | Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $560.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify:_____ | 17c. | $0.00 |
| | 17d. Other. Specify:_____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** | | |
| | Specify:_____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. | $           0.00 |
| | 20b. Real estate taxes | 20b. | $           0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $           0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $           0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $           0.00 |

Debtor 1    Thomas                    H                    Dwyer
First Name                Middle Name              Last Name                    Case Number *(if known)* _____

| | | |
|---|---|---|
| 21. | **Other**.  Specify: ___Pet Care ($35.00), Postage/Bank Fees ($5.00), Tobacco ($35.00),___ | 21. | $75.00 |
| 22.. | **Your monthly expense:**  Add lines 4 through 21.  The result is your monthly expenses. | 22. | $4,761.00 |

23.    **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. | Copy line 12 (your comibined monthly income) from *Schedule I.* | 23a. | $5,326.84 |
| 23b. | Copy your monthly expenses from line 22 above. | 23b.— | $4,761.00 |
| 23c. | Subtract your monthly expenses from your monthly income.  The result is your *monthly net income.* | 23c. | **$565.84** |

24.    **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

[X]  No

[ ]  Yes.    Explain Here:

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.  I have disclosed on the foregoing schedules all property or assets I may have an interest in, the correct value of it, and every debt I may be liable for.  I accept the risk that some debts won 't be discharged.   I have been advised of the difference between Chapter 7 and Chapter 13, income & expense concepts, budgeting, and have made full disclosure.

Debtor's attorney has advised debtor that creditors can object to discharge of their debt on a variety of grounds including fraud, recent credit usage, divorce and support obligations and reckless conduct.

Debtor's attorney has advised debtor that non-dischargeable debts such as taxes, student loans, fines by government units and liens on property of debtor are generally unaffected by bankruptcy .

Dated: 07/27/2015      **/s/ Thomas H Dwyer**

**Thomas H Dwyer**

Dated: 07/27/2015      **/s/ Michelle M Dwyer**

**Michelle M Dwyer**

if joint case, both spouses must sign.   If NOT a joint case the joint debtor will NOT appear .

**Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571**

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. 110)

Non-Attorney Petition Preparers were **NOT** used to prepare any portion of this petition.  All documents were produced by Geraci Law L.L.C..

**THIS SECTION ONLY APPLIES TO PETITION PREPARERS AND HAS NOTHING TO DO WITH THIS CASE**

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

This is a personal bankruptcy for an individual(s) and **NOT** a corporation or partnership.

**THIS SECTION ONLY APPLIES TO CORPORTATIONS & PARTNERSHIPS AND HAS NOTHING TO DO WITH THIS CASE**

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**                    Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See,  11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee,  to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer , director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates ; any managing agent of the debtor.  11 U.S.C. § 101.

---

### 01. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS:

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor"s business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. ( A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor"s fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| **2015: $56,990** | **employment** |
| **2014: $84,764** | |
| **2013: $80,779** | |



Spouse

| AMOUNT | SOURCE |
| --- | --- |

---



### 02. INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS:

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor"s business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**          Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

**NONE X**

Spouse

| AMOUNT | SOURCE |
|--------|--------|

03. PAYMENTS TO CREDITORS:

Complete a. or b. as appropriate, and c.

a.   INDIVIDUAL OR JOINT DEBTOR(S) WITH PRIMARILY CONSUMER DEBTS: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately proceeding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than  $600.00.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|------------------------------|-------------------|-------------|--------------------|
| **GM Financial** See schedule D | **Monthly** | **$2,277** | **$31,482** |

**NONE X**

b.   DEBTOR WHOSE DEBTS ARE NOT PRIMARILY CONSUMER DEBTS: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payment/Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|------------------------------|----------------------------|-----------------------------------|--------------------|

**NONE X**

c.   ALL DEBTORS: List all payments made within 1 year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments be either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name & Address of Creditor & Relationship to Debtor | Dates of Payments | Amount Paid or Value of Transfers | Amount Still Owing |
|-----------------------------------------------------|-------------------|-----------------------------------|--------------------|

**NONE X**

04. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS:

List all lawsuits & administrative proceedings to which the debtor is or was a party within 1 (one) year immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OF AGENCY AND LOCATION | STATUS OF DISPOSITION |
|---------------------------------|----------------------|------------------------------|-----------------------|

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**                    Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS



04b. WAGES OR ACCOUNTS GARNISHED: Describe all property that has been attached, garnished or seized under any legal or equitable process within (1) one year preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
| --- | --- | --- |
| | | |



05. REPOSSESSION, FORECLOSURES AND RETURNS:

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
| --- | --- | --- |
| | | |



06. ASSIGNMENTS AND RECEIVERSHIPS:

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
| --- | --- | --- |
| | | |



b.  List all property which has been in the hands of a custodian, receiver, or court- appointed official within one (1) year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name & Location of Court Case Title & Number | Date of Order | Description and Value of Property |
| --- | --- | --- | --- |
| | | | |



07. GIFTS:

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, If Any | Date of Gift | Description and Value of Gift |
| --- | --- | --- | --- |
| | | | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**                    Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

---


NONE
X

**08. LOSSES:**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, if Loss Was Covered in Whole or in Part by Insurance, Give Particulars | Date of Loss |
|---|---|---|

---

**09. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY:**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one (1) year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| **Geraci Law, LLC**<br>**55 E Monroe St Suite #3400**<br>**Chicago, IL 60603** | | **Payment/Value:**<br>**$4,000.00: $0.00**<br>**paid prior to filing,**<br>**balance to be paid**<br>**through the plan.** |

---

**09a. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY:** List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within 1 year immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payer if Other Than Debtor | Amount of Money or description and Value of Property |
|---|---|---|
| **Hananwill Credit Counseling,**<br>**115 N. Cross St., Robinson,**<br>**IL 62454** | **2015** | **$20.00** |

---


NONE
X

**10. OTHER TRANSFERS**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor , transferred either absolutely or as security with two (2) years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | . . Date | Describe Property Transferred and Value Received |
|---|---|---|

---

NONE
X

**10b.** List all property transferred by the debtor within ten (10) years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or other Device | Date(s) of Transfer(s) | Amount and Date of Sale or Closing |
|---|---|---|

---

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**　　　　　　　Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

 **11. CLOSED FINANCIAL ACCOUNTS:**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one (1) year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type of Account, Last Four Digits of Account Number, and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|

 **12. SAFE DEPOSIT BOXES:**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Bank or Other Depository | Names & Addresses of Those With Access to Box or depository | Description of Contents | Date of Transfer or Surrender, if Any |
|---|---|---|---|

 **13. SETOFFS:**

List all setoffs made by any creditor , including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

 **14. LIST ALL PROPERTY HELD FOR ANOTHER PERSON:**

List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description and Value of Property | Location of Property |
|---|---|---|

**15. PRIOR ADDRESS OF DEBTOR(S):**

If debtor has moved within three (3) years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| Address | Name Used | Dates of Occupancy |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS



**16. SPOUSES and FORMER SPOUSES:**

If the debtor resides or resided in a community property state, commonwealth, or territory ( including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight (8) years immediately preceding the commencement of the case, identify the name of the debtor"s spouse and of any former spouse who resides or resided with the debtor in the community property state.

Name



**17. ENVIRONMENTAL INFORMATION:**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil surface water, ground water, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of the these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous material" means anything defined as a hazardous waste, hazardous or toxic substances, pollutant, or contaminant, etc. under environmental Law.



**17a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| | | | |



**17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.**

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|
| | | | |



**17c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.**

| Name and Address of Governmental Unit | Docket Number | Status of Disposition |
|---|---|---|
| | | |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

__Thomas H Dwyer  and Michelle M Dwyer  / Debtors__                    Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

**NONE**
**X**

18 NATURE, LOCATION AND NAME OF BUSINESS

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer , director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six (6) years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six (6) years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six (6) years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six (6) years immediately preceding the commencement of this case.

| Name & Last Four Digits of Soc. Sec. No./Complete EIN or Other TaxPayer I.D. No. | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|

**NONE**
**X**

b.  Identify any business listed in subdivision a., above, that is "single asset real estate" as defined in 11 USC 101.

| Name | Address |
|---|---|

**NONE**
**X**

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following:  an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

  (An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

19.  BOOKS, RECORDS AND FINANCIAL STATEMENTS:

List all bookkeepers and accountants who within two (2) years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|

**NONE**
**X**

19b.  List all firms or individuals who within two (2) years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name | Address | Dates Services Rendered |
|---|---|---|

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

---

**NONE** **X**

19c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| . | . |
|---|---|
| Name | Address |

---

**NONE** **X**

19d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two (2) years immediately preceding the commencement of this case.

| Name and Address | Date Issued |
|---|---|

---

**NONE** **X**

20. INVENTORIES

List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Dollar Amount of Inventory (specify cost, market of other basis) |
|---|---|---|

---

**NONE** **X**

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| Date of Inventory | Name and Addresses of Custodian of Inventory Records |
|---|---|

---

**NONE** **X**

21.  CURRENT PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS:

a. If the debtor is a partnership, list nature and percentage of interest of each member of the partnership.

| Name and Address | Nature of Interest | Percentage of Interest |
|---|---|---|

---

**NONE** **X**

21b. If the debtor is a corporation, list all officers & directors of the corporation; and each stockholder who directly or indirectly owns, controls, or holds 5% or more of the voting or equity securities of the corporation.

| Name and Address | . Title | Nature and Percentage of Stock Ownership |
|---|---|---|

---

**NONE** **X**

22. FORMER PARTNERS, OFFICERS, DIRECTORS AND SHAREHOLDERS:

If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| . Name | Address | Date of Withdrawal |
|---|---|---|

---

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**          Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

**NONE**
**X**

22b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one (1) year immediately preceding the commencement of this case.

| Name and Address | . Title | Date of Termination |
|---|---|---|

**NONE**
**X**

23. WITHDRAWALS FROM A PARTNERSHIP OR DISTRIBUTION BY A COPORATION:

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Name and Address of Recipient, Relationship to Debtor | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property |
|---|---|---|

**NONE**
**X**

24. TAX CONSOLIDATION GROUP:

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six (6) years immediately preceding the commencement of the case.

| Name of Parent Corporation | Taxpayer Identification Number (EIN) |
|---|---|

**NONE**
**X**

25. PENSION FUNDS:

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six (6) years immediately preceding the commencement of the case.

| Name of Pension Fund | TaxPayer Identification Number (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

**I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachment thereto and that they are true and correct.**

Dated: 07/27/2015          **/s/ Thomas H Dwyer**

**Thomas H Dwyer**

Dated: 07/27/2015          **/s/ Michelle M Dwyer**

**Michelle M Dwyer**

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR - 2016B

**1.**   Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

**The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:**

| | |
|---|---|
| For legal services, Debtor(s) agrees to pay and I have agreed to accept | **$4,000.00** |
| Prior to the filing of this Statement, Debtor(s) has paid and I have received | **$0.00** |
| The Filing Fee has been paid.                          **Balance Due** | **$4,000.00** |

**2.**   The source of the compensation paid to me was:

■ Debtor(s)    ☐ Other: (specify)

**3.**   The source of compensation to be paid to me on the unpaid balance, if any,  remaining is:

■ Debtor(s)    ☐ Other: (specify)

The undersigned has received no transfer, assignment or pledge of property from the debtor(s) except the following for the value stated:  **None.**

**4.**   The undersigned has not shared or agreed to share with any other entity, other than with members of the undersigned's law firm, any compensation paid or to be paid without the client's consent, except as follows:  **None.**

**5.**   **The Service rendered or to be rendered include the following:**

(a)   Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file a petition under Title 11, U.S.C.

(b)   Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.

(c)   Representation of the client at the **first scheduled** meeting of creditors.

(d)   Advice as required.

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

---

*Respectfully Submitted,*

Date:   07/30/2015

**/s/ Shera Lee Bucchianeri**

**Shera Lee Bucchianeri**
**GERACI LAW L.L.C.**
**55 E. Monroe Street #3400**
**Chicago, IL 60603**
**Phone: 312-332-1800**
**Fax: 877-247-1960**

Geraci Law L.L.C.
National Headquarters: 55 E. Monroe Street, #3400 Chicago, IL 60603  (866) 525-1313   help@geracilaw.com



Date: 6/26/2015          Consultation Attorney : **FCH**          Record # : **665-495**

## Attorney - Client Agreement

The undersigned hires Geraci Law L.L.C. and its associated attorneys for representation in a Chapter 13 bankruptcy under the following terms and conditions. I have signed and received a copy the "Court Approved Retention Agreement" (CARA) between Chapter 13 Debtors and their Attorneys" as established by the Bankruptcy Court for the Northern District of Illinois, and any terms that conflict with it are null and void. I understand I must comply with those terms. **Attorney fees for filed Chapter 13 Bankruptcy shall be the fee stated in the CARA** I have received the 11 U.S.C § 527(a) disclosures. I have been advised of my chapter 7 alternative and choose to file Chapter 13 instead even though it usually costs more. More than one attorney and paralegal will work on my case.

**FEES:** This does NOT INCLUDE court filing fees of $310, costs for credit counseling or financial management classes. Any amount not paid prior to the case being filed shall be paid through the Chapter 13 Trustee. These fees are fixed, but the attorneys may apply to the court for additional fees if allowed by the CARA or other circumstances, such as extended evidentiary hearings, contested adversary proceedings or appeals. If the Court awards additional fees, they will also be paid through the Chapter 13 Trustee. Fees are "flat fees" and "advance payment retainers" for pre-filing and pre-confirmation work, become property of this firm on payment, and are deposited into the firm's operating account. Payments are applied to the "flat fee". If this contract is terminated by either party prior to the filing of the case, we will submit any dispute to binding arbitration within 30 days. If I close my file or breach this contract I agree to pay for the work done to that time. I assign to my attorney all amounts tendered as filing fees or court costs and authorize my attorney to transfer said funds from his trust account to his operating account in payment of all outstanding fees owed by me if case is not filed.

**No other work:** Geraci Law is not representing me in state or other courts regarding creditors in my bankruptcy. Any state court action not stopped by the Automatic Stay of a filed bankrutpcy is my responsibility.

**Injury or other claims or property** I must disclose any such claims or propery I now have or acquire after filing Chapter 13 to both the Chapter 13 trustee and to the court in a filed amendment and obtain authority to keep them or pay those claims to the Trustee.

**PLAN:** The plan payment is estimated to be $ 1,191 ~~1,809~~ w/o w/ per month for ~~48~~ (60) months. The payment and length of the plan are based on the information I have provided, including income, expenses, assets and debts. If these amounts are not accurate, my plan payment or duration may need to be increased. In addition, the Court, Chapter 13 Trustee or creditors could object to my proposed Chapter 13 payment, which may cause it to increase. I further understand that if my income or expenses change during my Chapter 13, my plan payment may have to change. **I agree to read my petition and plan and study it before signing it so I know what is included, INCLUDING what I am listing as debts, what my property is, what my assets are and if they are claimed as exempt, and to make full disclosure.**

**My plan payment DOES include** the following, unless stated otherwise: mortgage arrears; association arrears; vehicles; tax debt; support obligations that are post due (but not future) parking tickets (not traffic fines); debts pursuant to a divorce decree/marital settlement you listed; other secured debts including furniture, electronics, etc.; all other unsecured debts; other:_____
**My plan payment does NOT include** include future mortgage, rent, condo fees and support payments; criminal fines/court fees; rent/lease arrears; student loan principal and interest unless 100% planned to unsecured creditors, sold property taxes; debts incurred after the case is filed, including any association fees as long as the property is in my name; other _____
**Student loans:** are usually NEVER paid 100% in a Chapter 13, but are paid the same percentage as unsecured creditors without interest, so my student loans will CONTINUE to accrue interest, and if I don't pay them directly they will be even larger at the end of the plan, so I have been told about this and I will deal with my student loans myself directly
**Debts not discharged** if they not paid in full: student loans; educational debts; unfiled or late filed tax debts; undisclosed debts; support/maintenance debts; debts incurred by fraud, or debts listed in your red folder or found non-dischargeable by a Judge.
**Representation limited to Bankruptcy Court** We do not represent you in state court, or in loan modifications or similar matters.
**If I am eligible to receive a tax refund during my Chapter 13, I understand I must turn it over to the Chapter 13 Trustee unless I am specifically advised that I do not need to.** This may change on a yearly basis, so I must check with my attorneys every year. I also understand that if I receive any significant sums of money other than through employment, including but not limited to life insurance proceeds, workers compensation award, personal injury or other court settlement, I MUST notify my attorney immediately and I may have to pay some or all of the funds into my Chapter 13 plan.

I cannot transfer any property or incur any credit or debt without the express permission of my attorney or the Court and I must make full disclosure of all income, expenses, debts and assets in my initial consultation and on my bankruptcy petition. If I fail to remain current in a domestic support obligation, fail to certify to the Court that I have remained current, or if I fail to take my financial management class, that my case may be closed without a discharge, and I will be required to pay a fee to have it reopened.

X_____          X _Michelle Dwyer_____
   Thomas Dwyer (Debtor)                          Michelle Dwyer (Joint Debtor)

X_____          Dated: _____
   Attorney for the Debtor(s)   Representing Geraci Law L.L.C.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

### (Court-Approved Retention Agreement, revised as of 4/20/15)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

## A. BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.



3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## B. AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.



2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.



*C.*   **TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES**

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the chapter 7 case for any unpaid fees and expenses, pursuant to section 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

*D.*   **RETAINERS AND PREVIOUS PAYMENTS**

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

 The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)   The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:  purpose:  provide some money for attorney without waiting 6 months.  Advantage to debtor: costs client less by reducing administrative expense and encouraging efficiency rather than charging by hour and submitting bills.

(b)   The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)   The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;



(d)      Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)      The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing.

## E.      CONDUCT AND DISCHARGE

1. Improper conduct by the attorney. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. Improper conduct by the debtor. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3.*Discharge of the attorney.* The debtor may discharge the attorney at any time.

## F.      ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $ <u>4,000.00</u>

2. In addition, the debtor will pay the filing fee required in the case of $<u>310.00</u>

3. Before signing this agreement, the attorney has received ,$ <u>0</u>

toward the flat fee, leaving a balance due of $ <u>4000</u>  ; and $ <u>310</u>  for expenses,

leaving a balance due for the filing fee of $ <u>0</u>



4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: _____

Signed:

_____
Debtor(s)

_____
Co-Debtor(s)

_____
Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

| VERIFICATION OF CREDITOR MATRIX |
|---|

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

| I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. |
|---|

Dated: 07/27/2015          /s/ Thomas H Dwyer _____          X Date & Sign

                           **Thomas H Dwyer**

Dated: 07/27/2015          /s/ Michelle M Dwyer _____          X Date & Sign

                           **Michelle M Dwyer**

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:  Fine
up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

B 201A (Form 201A) (11/11)

In re   Thomas H Dwyer  and Michelle M Dwyer  / Debtors

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1) Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly- addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days  **before**  the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for

| | |
|---|---|
| Dated: 07/27/2015 | /s/ Thomas H Dwyer |
| | Thomas H Dwyer |
| Dated: 07/27/2015 | /s/ Michelle M Dwyer |
| | Michelle M Dwyer |
| Dated: 07/30/2015 | /s/ Shera Lee Bucchianeri |
| | Attorney: Shera Lee Bucchianeri |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.  I have disclosed on the foregoing schedules all property or assets I may have an interest in, the correct value of it, and every debt I may be liable for.  I accept the risk that some debts won 't be discharged.  I have been advised of the difference between Chapter 7 and Chapter 13, income & expense concepts, budgeting, and have made full disclosure.

Debtor's attorney has advised debtor that creditors can object to discharge of their debt on a variety of grounds including fraud, recent credit usage, divorce and support obligations and reckless conduct.

Debtor's attorney has advised debtor that non-dischargeable debts such as taxes, student loans, fines by government units and liens on property of debtor are generally unaffected by bankruptcy.

Dated: 7  / 27 /2015                              **Thomas H Dwyer**        | X Date & Sign |

Dated: 7 / 27 /2015                               **Michelle M Dwyer**       | X Date & Sign |

if joint case, both spouses must sign.  If NOT a joint case the joint debtor will NOT appear.

**Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571**

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. 110)

Non-Attorney Petition Preparers were **NOT** used to prepare any portion of this petition.  All documents were produced by Geraci Law L.L.C..

#### THIS SECTION ONLY APPLIES TO PETITION PREPARERS AND HAS NOTHING TO DO WITH THIS CASE

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

This is a personal bankruptcy for an individual(s) and **NOT** a corporation or partnership.

#### THIS SECTION ONLY APPLIES TO CORPORTATIONS & PARTNERSHIPS AND HAS NOTHING TO DO WITH THIS CASE

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. Sections 152 and 3571*

# DISCLAIMER  Debtors have read and agree:

1.  **Divorce or family support debts** to a spouse, ex-spouse, child, guardian ad litem or similar person or entity in connection with a separation agreement, divorce decree or court order are not dischargable. Priority support debts must be paid in full in your Chapter 13 or it cannot be confirmed. DEBTS YOU AGREED TO ASSUME IN MARITAL SETTLEMENT AGREEMENTS are NON-DISCHARGEABLE if your ex-spouse files an adversary complaint, and the Judge rules that (a) you do not have the ability to pay the debt OR (b) discharging such debt would result in a benefit to you that outweighs the detriment to ex-spouse or your child.   You agree to get advice in writing from your divorce attorney and send to us with copy of agreement.  You must list any ex-spouse or spouse as a creditor. No guarantee any divorce debt is dischargeable. Property you are still on title to, or have a right to in a divorce, may be taken by a Bankruptcy trustee in a Chapter 7 and sold, or may be disposable income in a 13.

2.  **Student loans** and educational benefits are not discharged in Chapter 7 or 13 if  government insured loan or owed to non-profit school unless you pay us to file a complaint within the bankruptcy to prove repayment would be an "undue hardship", and win. Interest on student loans continue to run while you are in a Chapter 13.

3.  **Cosigners**, joint applicants, debts of persons other than debtor, debts incurred during marriage in community property states, or for family support are not discharged and joint, community or co-signers are not protected from collection unless you pay 100% of the debt. Creditors can collect from co-signors and put your bankruptcy on their credit report, and report them negatively to credit bureaus. You may prevent this by making  the regular payments to the creditor. Creditors can liquidate collateral of your co-signer and refuse to continue payment in installments. Property you are joint on with other persons can be LIQUIDATED to pay your creditors.

4.  **TAX DEBTS.**  Most taxes are not discharged in bankruptcy. However, income tax debt (1040 type tax) can be discharged if  the following four rules are met: (1).  The tax return was DUE at least 3 YEARS (plus extensions) before the filing of your bankruptcy case.    (2).  You FILED your income tax return at least 2 YEARS before your bankruptcy was filed.  (You did not file a return if the tax authority or IRS had to file one for you, or if you didn't send the return to the District Director)  (3).  You did not wilfully intend to evade the tax.  (4). The tax must have been ASSESSED over 240 DAYS before the bankruptcy filing. We recommend you meet with the IRS or state department of revenue to make sure all the conditions have been met, before you hire us or file a bankruptcy. Fraudulent taxes and taxes on unfiled returns can be discharged in a Chapter 13 case. Time in an offers in compromise, & time in bankruptcy plus 6 months, will extend the above time periods. Employers' share of FICA & FUTA is dischargeable, but not trust fund taxes like the employee's funds or sales tax.

5.  **Fines, traffic tickets, parking tickets, penalties to government** unit are not discharged in Chapter 7, may not be discharged in 13 without full payment.

6.  **Non filing spouse:**  If you  file individually, your spouse is not our client. Only your debts are discharged. If you want to protect a non-filing spouse, pay their bills or file a joint case with them.  Family expenses (medical bills, rent and necessities may be collected from a non-filing spouse).  Wisconsin, community property is liable for community debts. **7.  DUI PERSONAL INJURIES, DEBTS YOU DON'T LIST** are not discharged.

8.  **DEBTS where creditors successfully object to discharge** may survive Creditors, the Trustee, or Court, can try to deny discharge based on many factors, **a.**  Income sufficient to pay a percentage of your unsecured debt.  **b.**  Failure to keep books and records documenting your financial affairs.  **c.**  Luxury purchases or cash advances within 60 days of filing  or without intent or ability to repay.  **d.**  Debts you made by false pretenses, breach of fiduciary duty, wilful and malicious injuries to others  **e.**  Benefit  overpayments like aid or unemployment if a determination of fraud has been made before or during bankruptcy.  **f.**  Failure to appear at meetings, court dates, or co-operate with the Trustee.

9.  **INTEREST ON NON-DISCHARGEABLE DEBTS** in a Chapter 13 continues to accrue, and CREDITORS WHO DO NOT FILE CLAIMS in your Chapter 13 plan within 90days (180 days for governmental units) of the meeting of creditors, do not get paid. Your plan and their claim should provide for interest at contract rate, or you will have to pay the debt outside the Chapter 13 plan. Property taxes must be paid by you directly to avoid sale for delinquent taxes.

10. **LIQUIDATION OF REAL AND PERSONAL PROPERTY.**  If you file a Chapter 7, any property that is not listed and claimed exempt on Schedule C pursuant to state or federal law is  taken and sold by the trustee to pay creditors. You agree to assume the risk that your property will be taken and sold by the bankruptcy trustee (at or less than what it is worth) if we can't protect it under applicable state law.  You get a discharge, but the trustee can take property not listed and exempted on schedules B and C and sell it for whatever price will provide some benefit to creditors.

11. **CHANGE IN LAWS.**  Laws & court cases change constantly.  We can file your case today if you pay us in full (some attorneys give credit, we don't) pay the filing fee and sign your petition in our main office.  ANY DELAY either in hiring us, or after, IS YOUR REPSONSIBILITY.  ADVERSE RULINGS Judges that sit in adjoining courtrooms can rule differently on the same facts.  We can predict but can't guarantee a judge will or will not rule against you. You accept the risk of a judge ruling against you, as in any lawsuit.

12. **PAYMENTS TO CREDITORS YOU PREFERRED** to pay more than $600 in front of others, within 1 yr if a relative or insider, or within 90 days if another creditor, so don't pay off debts to keep credit cards or protect others. TRANSFERS OF PROPERTY within 4 years that made you unable to pay your debts at the time can be reversed by a Trustee and the transferee will have to give back the property you transferred.

13. **SURRENDER OF PROPERTY** Bankruptcy gets rid of debts, but real estate, condos and time shares remain in your name until a foreclosure sale or the lender accepts a deed in lieu of foreclosure.  Turn condo keys over to condo association or remain liable for assessments after filing, and make sure you keep buildings & land insured and maintained and secured until it is taken back by lender or out of your name. If you let a house go vacant and pipes explode or someone gets killed in there you may be liable.

14. **RIGHT TO RECEIVE** inheritances, tax refunds, injury claims, compensation of any kind, insurance or realty commissions, are property of the bankruptcy estate and you will surrender these to the trustee unless they are claimed exempt on Schedule C, and no objection to your claim of exemption is upheld.  Do not deduct extra money from taxes so you are entitled to a refund, change your W-9 if necessary.

15. **JOINT ACCOUNT HOLDERS** holders entire amount in the account could be taken by the trustee under Chapter 7.

16. **MARRIED COUPLES GOING THROUGH DIVORCE:**  We have been advised to seek independent counsel for our bankruptcy.  We understand that Peter Francis Geraci does not represent us with regard to any divorce matters and does not make any representations regarding what will happen in divorce court.  We have decided to file a bankruptcy together dispite the fact that we are getting a divorce and our interests could be adverse.  We have agreed to cooperate with each other in this joint bankruptcy.

17. **AUTO LEASES & INSTALLMENT AGREEMENTS** to purchase things, leases and almost all contracts will be void after bankruptcy.  They are "executory contracts", and if they are of no benefit to the bankruptcy estate and not assumed within 60 days of filing, they are void.  Debtors have been warned of this, and unless there is a novation under state law, or agreement not to use bankrptcy to void the contract, the debtors rights under the contract are extinguished.  Debtor agrees to be responsible for obtaining such agreements or losing rights under such contracts. Debtor agrees that his or her attorney will not file motions to assume such contracts.

18. **Setoffs** if you have money in a credit union or creditor account, or other loans that cross-collateralized, that any non-exempt property may be taken for both loans. The Undersigned have read the above & assume the risk that a debt is not discharged in bankruptcy, that our non-exempt property will be taken and sold by the bankruptcy trustee if it can't be protected, that the trustee might object if I/we have excess income, or change in State, Federal or Bankruptcy laws before the case is filed in Court **AND WE HAVE TO READ, CHECK, & MAKE SURE OUR PETITION IS ACCURATE!!!!**

Dated: 7  02 /2015 _____          [X Date & Sign]
                                      **Thomas H Dwyer**

Dated: 7 07 /2015 _____          [X Date & Sign]
                                      **Michelle M Dwyer**

Record #    665495                                          Asset Disclosure    Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and  Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning:** You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D.  check one of the five statements below and attach any documents as directed.*

■  1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.  Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐  2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.   You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.

☐  3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.  [Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]

_____

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.   Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

4. I am not required to receive a credit counseling briefing because of: [Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]

☐  **Incapacity.** (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐  **Disability.** (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable,  after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐  **Active military duty in a military combat zone.**

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of  11 U.S.C. § 109(h) does not apply in this district.

_____

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated: 7  27  /2015                    _____

Thomas H Dwyer

**X Date & Sign**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Thomas H Dwyer** and **Michelle M Dwyer** / Debtors

Bankruptcy Docket #:

Judge:

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning:** You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.

☐ 2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. [Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]

_____

If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.

4. I am not required to receive a credit counseling briefing because of: [Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

_____

**I certify under penalty of perjury that the information provided above is true and correct.**

Dated: 7 /27 /2015     *Michelle Dwyer*     _____     [ X Date & Sign ]

**Michelle M Dwyer**

B 1D (Official Form 1, Exh.D)(12/08)    Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Thomas H Dwyer  and Michelle M Dwyer  / Debtors**

Bankruptcy Docket #:

Judge:

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: 7  22 /2015 _____

**Thomas H Dwyer**

X Date & Sign

Dated: 7  22 /2015 _____

**Michelle M Dwyer**

X Date & Sign

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:  Fine
up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

Record #    665495

B 1D (Official Form 1, Exh.D)(12/08)    Page 1 of 1

Form B 201A, Notice to Consumer Debtor(s)    In re Thomas H Dwyer  and  Michelle M Dwyer  / Debtors                        Page 2

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for

Dated: 7 / 27 /2015                                    [signature]   ⬛ X Date & Sign
                                                       Thomas H Dwyer

Dated: 7 / 27 /2015                                    [signature]   ⬛ X Date & Sign
                                                       Michelle M Dwyer

Dated: 7 / 29 /2015                                    [signature]
                                                       Attorney

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.

| IL |

16b. Fill in the number of people in your household.

| 5 |

16c. Fill in the median family income for your state and size of household. ..................................................  13.  | $93,001.00 |
To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office .

17. **How do the lines compare?**

17a. [X] Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C.
§ 1325(b)(3)*. **Go to Part 3.** Do NOT fill out Calculation of Disposable Income (Official Form 22C-2).

17b. [ ] Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C.
§ 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 22C-2).** On line 39 of that form, copy
your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4) |

18. Copy your total average monthly income from line 11. ..................................................................................  | $7,096.00 |

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend
that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's
income, copy the amount from line 13d.
If the marital adjustment does not apply, fill in 0 on line 19a.  | $0.00 |

**Subtract line 19a from line 18.**  | $7,096.00 |

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b. ...........................................................................................  | $7,096.00 |

Multiply by 12 (the number of months in a year).  | x 12 |

20b. The result is your current monthly income for the year for this part of the form.  | $85,152.00 |

20c. Copy the median family income for your state and size of household from line 16c. ..................................  | $93,001.00 |

21. **How do the lines compare?**

[X] Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is
3 years*. Go to Part 4.

[ ] Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form,
check box 4, *The commitment period is 5 years*. Go to Part 4.

| Part 4: | Sign Below |

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

_____          _____
**Thomas H Dwyer**                                    **Michelle M Dwyer**

Date: 7 / 27 /2015                              Date: 7 / 27 /2015

If you checked line 17a, do NOT fill out or file Form 22C-2.

If you checked 17b, fill out Form 22C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Official Form B 22C1   Record #  665495   **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**

B1 (Official Form 1) (12/11)

| Voluntary Petition | Name of Joint Debtor(s) |
|---|---|
| This page must be completed and filed in every case) | **Thomas H Dwyer**<br>**Michelle M Dwyer** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
**Thomas H Dwyer**
Dated: 7  27  /2015

X _____
**Michelle M Dwyer**
Dated: 7 / 27 /2015

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

### << Sign & Date on Those Lines

### << Sign & Date on Those Lines

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

Shana Boehnien
Printed Name of Attorney for Debtor(s)
**GERACI LAW L.L.C.**
**55 E. Monroe St., #3400**
**Chicago, IL 60603**
**Phone: 312-332-1800**
Dated: 7 / 29 /2015

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)
Address

_____

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

Thomas H Dwyer  and Michelle M Dwyer  / Debtors

Bankruptcy Docket #:

Judge:

## STATEMENT OF FINANCIAL AFFAIRS

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachment thereto and that they are true and correct.

Dated: 7  22 /2015       _____     | X Date & Sign |
                          **Thomas H Dwyer**

Dated: 7 / 27 /2015       _____     | X Date & Sign |
                          **Michelle M Dwyer**

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18*
*U.S.C. Sections 152 and 3571*

Record #:   665495

B7 (Official Form 7) (12/12)    Page 10 of 10